UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY JOSEPH PASCUZZI,<br><br>            Petitioner,<br>   v.<br><br>JEFFREY A UTTECHT,<br><br>            Respondent. | Case No. C18-5299-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **January 11, 2019** |

Petitioner Anthony Joseph Pascuzzi is a state prisoner currently incarcerated at Coyote Ridge Corrections Center. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2011 Clark County Superior Court convictions and sentence. He is currently in custody for a conviction on two counts of first-degree child molestation, with a special finding that he had abused a position of trust to commit the offenses. Dkt. 14, Exhibit 1, Judgment and Sentence, *State v. Pascuzzi*, Clark County Superior Court Cause No. 09-1-01348-9.

Mr. Pascuzzi presents two grounds for habeas relief: (1) the evidence presented at trial in support of his convictions was constitutionally insufficient; and (2) his defense attorney provided ineffective assistance of counsel at trial.[1] Dkt. 6, at 9-21, 23-40. In addition, Mr. Pascuzzi has requested an evidentiary hearing in this matter. Dkt. 6, at 51. For the reasons set forth below, the

---

[1] Although he does not raise it as a separate ground, petitioner also alleges, in the context of his ineffective assistance of counsel claim, that the testimony at trial of witness Irene Sheppard violated the Confrontation Clause. Dkt. 6, at 35-40.

undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED. Also for the reasons set forth below, the undersigned recommends that the court DENY a certificate of appealability (COA).

## BACKGROUND

A. <u>Statement of Facts</u>

The Washington Court of Appeals summarized the facts relevant to this matter as follows:

> In July 2009, Pascuzzi was considered a close family friend of Kimberly Block and her children. On July 9, Block, her two daughters, M.M. and K.K.,[2] and her five-year-old son were at home with several friends, including Pascuzzi. C.B., K.K.'s friend, was also at the house visiting K.K. K.K. and C.B. were 11 years old. K.K. and C.B. went to bed around 9 pm.
>
> Several hours later, K.K. woke up with a migraine headache. K.K. was crying and woke up C.B. Pascuzzi and Block checked on the girls. Block got the girls some medicine and Pascuzzi began to run the girls a bath. After giving K.K. the medicine, Block went back to sleep. K.K. and C.B. then went into the bathroom.
>
> Pascuzzi had both girls go to the bathroom in front of him. Then he took C.B.'s clothes off and put her in the bathtub. K.K. then got into the bath with C.B. because she did not want to leave C.B. alone. Pascuzzi also had the girls wash each other's hair. Pascuzzi had the girls sit in the tub facing each other. He then spread the girls' legs apart. Pascuzzi touched the girls' breasts and tried to kiss them. When Pascuzzi left the bathroom to get the girls some water, the girls locked the bathroom door. After getting out of the bathtub, the girls went into M.M.'s room and told her what had happened. M.M. took the girls to Block's room and the girls told Block what happened. Pascuzzi had already left the house. Block then reported the incident to the police.
>
> On August 11, 2009, the State filed an information charging Pascuzzi with two counts of first degree child molestation and alleging abuse of trust as an aggravating circumstance. RCW 9A.44.083; RCW 9.94A.535(3)(n). On March 3, 2010, the State filed an amended information alleging two additional aggravating circumstances: (1) Pascuzzi's multiple current offenses and high offender score result in some of the current offenses going unpunished (free crimes), and (2)

---

[2] [Footnote n. 2 by Court of Appeals] The victim and her older sister share the same initials. In the record, the victim is repeatedly referred to by her nickname, "K.K." For clarity, we refer to the victim by her nickname K.K., and her older sister by her initials, M.M.

REPORT AND RECOMMENDATION - 2

> Pascuzzi's unscored misdemeanor criminal history results in a sentence that is too lenient. RCW 9.94A.535(2)(c), (b).[3]
>
> A jury trial began on February 2, 2011. The State called nine witnesses: Deputy Bryan Skordahl of the Clark County Sheriff's Office, Block, K.K., Shelley Bianchi, Irene Sheppard from the Southwest Washington Medical Center, Deputy Albin Boyse of the Clark County Sheriff's Office, C.B., Detective Cindy Bull of the Clark County Sheriff's Office, and Deputy Scott Bain of the Clark County Sheriff's Office. The defense called Angela Stangle, Pascuzzi's common-law wife. Pascuzzi also testified. The State called M.M. as a rebuttal witness.
>
> On February 3, 2011, the jury returned a verdict of guilty on both counts of first degree child molestation. The jury also found that Pascuzzi "use[d] his position of trust to facilitate a crime." Clerk's Papers (CP) at 143, 145. Pascuzzi's offender score was calculated at eight points, resulting in a standard sentencing range of 129 to 171 months. Based on the aggravating factors found by the jury, the trial court found substantial and compelling reasons to impose an exceptional sentence above the standard range. Pascuzzi was sentenced to a minimum of 200 months confinement with the statutory maximum of life imprisonment.

Dkt. 14, Exhibit 5, Unpublished Opinion, *State v. Pascuzzi*, Court of Appeals Cause No. 42001-5-II, at 2-3.

B.     State Court Procedural History

Mr. Pascuzzi appealed his conviction to the Washington Court of Appeals. The Washington Court of Appeals affirmed the convictions and sentence on January 23, 2013. Dkt. 14, Exhibit 5, *State v. Pascuzzi*, Court of Appeals Cause No. 42001-5-II. Mr. Pascuzzi sought an extension of time to file a petition for review in the Washington Supreme Court. On April 25, 2013, the Washington Supreme Court clerk extended Mr. Pascuzzi's time to file a proposed petition for review to June 14, 2013. Dkt. 14, Exhibit 6, April 25, 2013, letter from Supreme Court re: clerk's notation ruling. Mr. Pascuzzi filed a proposed petition for review on June 18, 2013. Dkt. 14, Exhibit 7, Petition for Review, *State v. Pascuzzi*, Supreme Court Cause No. 88569-9. The Washington Supreme Court denied Mr. Pascuzzi's motion for extension of time to file a petition for review on September 4, 2013. Dkt. 14, Exhibit 8, Order, *State v. Pascuzzi*,

---

[3] [Footnote n. 3 by Court of Appeals] The State subsequently filed two additional amended informations which corrected an error in the victim's initials and the date of the alleged offense.

REPORT AND RECOMMENDATION - 3

1  Supreme Court Cause No. 88569-9. Mr. Pascuzzi did not file a petition for writ of certiorari with
2  the United States Supreme Court.[4]

3  On June 16, 2014, Mr. Pascuzzi filed a personal restraint petition (PRP) in the
4  Washington Court of Appeals. Dkt. 14, Exhibit 9, ACORDS printout, cause number 46405-5-II.
5  In September 2014, Mr. Pascuzzi filed another petition, cause number 46812-3-II. Dkt. 14,
6  Exhibit 10, Personal Restraint Petition, *In re Pascuzzi*, Cause No. 46812-3-II. The Washington
7  Court of Appeals consolidated the two petitions under cause number 46405-5-II. Dkt. 14, Exhibit
8  9, at 2. The Washington Court of Appeals dismissed the consolidated petition on July 28, 2015.
9  Dkt. 14, Exhibit 13, Order Dismissing Petition, *In re Pascuzzi*, Court of Appeals Cause No.
10 46405-5-I consolidated with Cause No. 46812-3-II.

11 Mr. Pascuzzi requested, and was granted, four extensions of time to file a motion for
12 discretionary review at the Washington Supreme Court. Dkt. 14, Exhibit 14, Letter dated January
13 29, 2016, from Supreme Court with ruling dismissing for failure to file petition on time.
14 However, Mr. Pascuzzi failed to file his motion by the date required by the Washington Supreme
15 Court and, on January 29, 2016, the Court dismissed the matter (cause number 92066-4) for
16 failure to file a motion for discretionary review by the due date. *Id.*

17 Mr. Pascuzzi filed a motion to modify judgment in superior court on February 22, 2016,
18 which was transferred to the Court of Appeals and filed as a second PRP on March 1, 2016. Dkt.
19 14, Exhibit 15, Motion to Modify Judgment, *State v. Pascuzzi*, Clark County Superior Court
20 Cause No. 9-1-01348-9; Exhibit 16, ACORDS printout 486628. The Washington Court of

---

[4] The Court notes that Mr. Pascuzzi indicates in his petition that he did file a petition for writ of certiorari with the United States Supreme Court. Dkt. 6, at 5. However, Mr. Pascuzzi presents no evidence that he did so and the Court's review of the Supreme Court docket does not reflect that any petition for writ of certiorari was filed by Mr. Pascuzzi. *See* United States Supreme Court docket, available on the United States Supreme Court website at https://www.supremecourt.gov/docket/docket.aspx; *Mir v. Little Company of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988) (court may take judicial notice of court records).

REPORT AND RECOMMENDATION - 4

1  Appeals dismissed the second PRP as time barred under RCW 10.73.090(1). *See* RCW

2  10.73.090 ("No petition or motion for collateral attack on a judgment and sentence in a criminal

3  case may be filed more than one year after the judgment becomes final if the judgment and

4  sentence is valid on its face and was rendered by a court of competent jurisdiction."); Dkt. 14,

5  Exhibit 17, Order Dismissing Petition, *In re Pascuzzi*, Court of Appeals Cause No. 48662-8-II.

6  Mr. Pascuzzi notified the Washington Supreme Court he no longer wished to pursue a motion for

7  review and the Supreme Court granted his motion for voluntary withdrawal on October 6, 2016.

8  Dkt. 14, Exhibit 18, Letter from Washington Supreme Court Clerk.

9        On April 19, 2017, Mr. Pascuzzi filed a third PRP. Dkt. 14, Exhibit 19, Personal Restraint

10  Petition, *State v. Pascuzzi*, Court of Appeals Cause No. 50209-7-II. The Washington Court of

11  Appeals dismissed the PRP as untimely. Dkt. 14, Exhibit 20, Order Dismissing Petition, *In re*

12  *Pascuzzi*, Court of Appeals Cause No. 50209-7-II. Mr. Pascuzzi sought discretionary review by

13  the Washington Supreme Court. Dkt. 14, Exhibit 21, Discretionary Review, *In re Pascuzzi*,

14  Supreme Court Cause No. 94729-5. The Commissioner of the Washington Supreme Court

15  denied review finding the Court of Appeals properly dismissed the PRP as untimely. Dkt. 14,

16  Exhibit 22, Ruling Denying Review *In re Pascuzzi*, Supreme Court Cause No. 94729-5. Mr.

17  Pascuzzi objected. Dkt. 14, Exhibit 23, Petitioner's Objection to Ruling Denying Review and

18  Request to Refile, *In re Pascuzzi*, Supreme Court Cause No. 94729-5. The Washington Supreme

19  Court denied Mr. Pascuzzi's motion to modify on March 7, 2018. Dkt. 14, Exhibit 24, Order, *In*

20  *re Pascuzzi*, Supreme Court Cause No. 94729-5. Mr. Pascuzzi filed the instant federal habeas

21  petition on April 18, 2018. Dkt. 1, 6.

22        Respondent, in his answer to Mr. Pascuzzi's federal habeas petition, argues the petition is

23  untimely under 28 U.S.C. § 2244(d)(1) and, as such, should be dismissed. Dkt. 12. Mr. Pascuzzi

24

25

does not substantively dispute the timeline described above but argues in his petition that the statute of limitations does not bar his federal habeas petition because respondent has not been unfairly prejudiced by any delay. Dkt. 6, at 47-50. Alternatively, he argues that his petition is timely because his "illegal imprisonment" is an ongoing violation of his constitutional rights. *Id.* Mr. Pascuzzi also alleges – in the context of his habeas claim of insufficient evidence – that he is "actually innocent" of the charges. *Id.*, at 17. In his response to respondent's answer, Mr. Pascuzzi further argues his petition is timely "pursuant to the exceptions to AEDPA, under 28 U.S.C. 2244(d) and RCW 10.73.100(6), (5)." Dkt. 15, at 11. Finally, he contends his claims are "exempt from [the] time barr [sic]" because he can show cause for his procedural default and actual prejudice. *Id.*

DISCUSSION

There is a one-year time limit to file a Section 2254 federal habeas corpus petition, according to 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."

The limitation period may run from a later date under the following circumstances: First, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with

REPORT AND RECOMMENDATION - 6

1  respect to the pertinent judgment or claim is pending shall not be counted toward any period of
2  limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28
3  U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either
4  upon the expiration of the time for filing a petition for writ of certiorari with the United States
5  Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*,
6  188 F.3d 1157, 1158-59 (9th Cir. 1999).

7  On direct appeal, the Washington Supreme Court denied Mr. Pascuzzi's motion for
8  extension of time to file his petition for review on September 4, 2013. Mr. Pascuzzi then had 90
9  days, until December 3, 2013, to file a petition for writ of certiorari with the United States
10 Supreme Court. *Bowen*, 188 F.3d at 1158-59 ("[W]hen a petitioner fails to seek a writ of
11 certiorari from the United States Supreme Court, the AEDPA's [28 U.S.C. § 2244(d)] one-year
12 limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule
13 13 expires.").

14 Mr. Pascuzzi did not do so; his window of opportunity for seeking direct review closed
15 and his judgment and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on
16 December 3, 2013, and the one year statute of limitations began to run the following day.  28
17 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 147-155 (2012); *Wixom v.*
18 *Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th
19 Cir. 2002).

20 The statute of limitations period then ran for 194 days until Mr. Pascuzzi filed a timely
21 PRP on June 16, 2014. The limitations period was tolled while Mr. Pascuzzi's June 16, 2014,
22 PRP (along with the consolidated petition Mr. Pascuzzi filed in September 2014) was pending in
23 state court. Thus, the statute was tolled from June 16, 2014 through January 29, 2016, when the

24
25

REPORT AND RECOMMENDATION - 7

1  Washington Supreme Court dismissed Mr. Pascuzzi's consolidated petition for failure to file a

2  motion for review by the due date.[5] Dkt. 14, Exhibit 14. Mr. Pascuzzi's subsequent (second and

3  third) PRPs were dismissed by the state court as time-barred and therefore did not toll the federal

4  statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (filing of untimely state

5  court application for collateral review does not toll the statute of limitations for filing a federal

6  habeas petition under 22 U.S.C. 2244(d)(2)). Thus, unless there was a basis to toll or extend the

7  federal habeas statute of limitations, as discussed below, the statute began to run again on

8  January 30, 2016, and expired 171 days later on July 18, 2016. Mr. Pascuzzi did not file his

9  federal habeas petition until April 18, 2018, nearly 21 months after the statute of limitations

10  expired.[6]

11  A.   No Delayed Accrual Under 28 U.S.C. § 2244(d)(1)(B)-(D)

12  Mr. Pascuzzi argues his petition is timely "pursuant to the exceptions to AEDPA, under

13  28 U.S.C. 2244(d) and RCW 10.73.100 (6), (5)." Dkt. 15, at 11. However, RCW 10.73.100(6),

---

[5] A state collateral proceeding is only "'pending' for the purpose of tolling the federal statute of limitations under 28 U.S.C. § 2244(d)(2) for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" *Goncalves v. Stewart*, 18 F. App'x 580, 581–82 (9th Cir. 2001) quoting *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, once the Washington Supreme Court dismissed Mr. Pascuzzi's motion for discretionary review on January 29, 2016, for failure to file by the due date, his PRP was no longer pending. *Goncalves*, 18 F. App'x at 582. That is, because Mr. Pascuzzi's PRP was no longer pending as of January 29, 2016, the collateral review proceeding was terminated and the federal statute of limitations began to run again thereafter regardless of when the Court of Appeals issued the certificate of finality. *Id.*; *Cf. Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001) (holding that, on direct appeal, it was the decision of the court of appeals affirming the conviction that terminated direct review, not the issuance of the mandate).

[6] The Court notes that even if Mr. Pascuzzi's untimely second and third PRPs had tolled the federal habeas statute of limitations (which they did not) his petition would still be untimely. Twenty-three days ran between the dismissal of Mr. Pascuzzi's first PRP on January 29, 2016, and the filing of his second PRP on February 22, 2016, and yet another 194 days elapsed between the voluntary withdrawal of his second PRP on October 6, 2016, and the filing of his third PRP on April 19, 2017. Then an additional 41 days elapsed between the denial of Mr. Pascuzzi's motion to modify the dismissal of his third PRP on March 7, 2018, and the filing of his federal habeas petition on April 18, 2018. Thus, even if the second and third PRPs had tolled the federal habeas statute, adding the 194 days between the expiration of Mr. Pascuzzi's time to seek direct review in the U.S. Supreme Court, 452 (194 + 23 + 194 + 41) countable days elapsed before Mr. Pascuzzi filed his federal habeas petition.

(5) governs exceptions to the one year statute of limitations for collateral attack petitions or motions in *state* court, and does not apply to federal habeas petitions. Nor do any of the exceptions outlined in 28 U.S.C. 2244(d)(1)(B)-(D) apply.

Specifically, Mr. Pascuzzi does not cite to any case or make any substantive argument indicating the United States Supreme Court recognized a relevant new constitutional right made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Mr. Pascuzzi was aware of the factual predicate of his claims of ineffective assistance of counsel and insufficient evidence prior to the conclusion of direct review and there is no indication that additional facts related to these claims came to light thereafter. 28 U.S.C. § 2244(d)(1)(D). Nor does Mr. Pascuzzi argue or present any facts to indicate that he was impeded by State action from filing his federal habeas petition. 28 U.S.C. § 2244(d)(1)(B).

The only questions remaining are whether Mr. Pascuzzi is entitled to equitable tolling of the statute of limitations for some period, or whether he presents a sufficient claim of "actual innocence", such that his otherwise time-barred claims should be considered.

B.   There is no Basis for Equitable Tolling

The statute of limitations may be subject to equitable tolling if the petitioner shows that "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003). "[A]

*pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

Mr. Pascuzzi argues his claims are "exempt from [the] time barr [sic]" because he can show cause for his procedural default and actual prejudice. Dkt. 15, at 11. Whether a claim is procedurally defaulted is a separate inquiry from whether a federal habeas claim is timely under the statute of limitations.

A federal habeas claim is procedurally defaulted when the petitioner is procedurally barred from presenting the claim in the state courts, and the federal habeas corpus court respects the state court's procedural ruling. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). But presenting a defaulted claim is not the same as the issue of whether a petitioner has *timely filed* a federal habeas corpus petition. Numerous cases are reported in which a court has considered defaulted claims contained in a timely filed habeas petition. *See e.g.*, *Owens v. Ryan*, No. 14-2443, 2016 WL 3387214, at * 2 (D. Ariz., June 20, 2016) ("The Court will also adopt the recommendation that Claim 14 is procedurally defaulted, but that Petitioner has established cause and prejudice to overcome the default. The Court finds Petitioner is entitled to relief on Claim 14. This Court will grant the writ as to this claim, which results in overturning the conviction and sentence on Count 7[.]"); *Bean v. Tilton*, No 07-1764, 2009 WL 1699659, at * 9 (E.D.Ca. June 17, 2009) ("Even if the Court were to conclude that Penal Code section 1237.5 is

1    an independent and adequate state bar, Bean has established cause and prejudice sufficient to
2    overcome it.").

3    Mr. Pascuzzi argues that the statute of limitations does not bar his petition because the
4    defendant has not been unfairly prejudiced by the delay. Dkt. 6, at 47-50. Alternatively, he
5    argues his petition is timely because "illegal imprisonment is an ongoing violation of his
6    constitutional rights" and, therefore, "a new cause of action accrues with each day of his illegal
7    confinement." *Id.* However, these are not the applicable legal standards for evaluating the
8    timeliness of a federal habeas petition.

9    Finally, Mr. Pascuzzi asserts that he was unable to meet some court deadlines due to his
10   lack of legal education, and this explains why he may have failed to properly present in some
11   state or federal court all of the grounds he now raises in his federal habeas petition,. Dkt. 6, at 45.
12   Mr. Pascuzzi also generally attributes his failure to file a timely motion for discretionary review
13   with the Washington Supreme Court to his lack of legal education. Dkt. 15, at 8.

14   Mr. Pascuzzi does not directly argue that his lack of legal sophistication prevented him
15   from filing a timely federal habeas petition. However, to the extent Mr. Pascuzzi intends to make
16   this argument, a *pro se* petitioner's lack of legal sophistication is not, in and of itself, sufficient to
17   warrant equitable tolling. *See Rasberry*, 448 F.3d at 1154; *Ford v. Pliler*, 590 F.3d 782, 789 (9th
18   Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a
19   petitioner's confusion or ignorance of the law alone").

20   Mr. Pascuzzi has not demonstrated that an external force prevented him from filing a
21   timely habeas petition. Mr. Pascuzzi simply did not file his petition within the required time
22   period. Even if Mr. Pascuzzi miscalculated the deadlines for expiration of the statute of
23   limitations, this does not show a basis for equitable tolling.

REPORT AND RECOMMENDATION - 11

## C. Insufficient Showing of Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Lee v. Lampert,* 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc). The Court must apply the standards for gateway actual innocence claims set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin*, 569 U.S. at 386. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror [or other trier of fact], acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Calderon v. Thompson,* 523 U.S. 538, 559 (1998); *Muth v. Fondren,* 676 F.3d 815, 819, 822 (9th Cir.), *cert. denied,* 133 S.Ct. 292 (2012). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. Pascuzzi does not raise actual innocence as a separate ground for habeas relief nor does he specifically address it as a basis to excuse the untimeliness of his petition. In the context of his first argument -- that the evidence was insufficient to support his conviction -- he states that he is "actually innocent" of the charges. Dkt. 6, at 17. The Court infers that respondent did not argue separately to address this allegation because petitioner's allegation of actual innocence is not based on new evidence but derives from his argument that the evidence at trial was insufficient to support his conviction.

1    A claim of legal insufficiency is not sufficient to show "actual innocence." *See Bousley*,

2 523 U.S. at 623. Here, Mr. Pascuzzi argues that "the state had no physical, testimonial or facially

3 factual evidence to make a showing that petitioner in this case, made any sexual contact to

4 gratify his sexual desire to either of the young ladies." Dkt. 6, at 17.

5    Mr. Pascuzzi's also cites to various portions of what he indicates is the trial transcript

6 (including his own testimony) which he believes support his own opinion and interpretation of

7 the evidence. Dkts. 6, 7. Mr. Pascuzzi states that he "argued from the outset that he was simply

8 bathing the two young ladies .. [and] petitioner's intent was not to have sexually gratifying

9 sexual contact or to have intimate touching." Dkt. 6, at 20. These self-serving statements and

10 arguments about the sufficiency of the evidence previously considered at trial are not relevant to

11 a claim of actual innocence. Petitioner makes no argument that he possesses, nor does he present,

12 "new reliable evidence … not presented at trial" sufficient to support a claim of actual

13 innocence. *Schlup*, 513 U.S. at 324.

14    In sum, petitioner's conclusory allegations of alleged actual innocence and arguments of

15 legal insufficiency are insufficient to establish even a prima facie gateway actual-innocence

16 claim under the exacting standard established by *Schlup*. *See Larson v. Soto*, 742 F.3d 1083,

17 1096 (9th Cir. 2013) (speculative evidence insufficient to show actual innocence); *Eby v.

18 Janecka*, 349 Fed. App'x 247, 249 (10th Cir. 2009) (conclusory allegations of actual innocence

19 insufficient to excuse untimeliness of petition); *Sweet v. Delo,* 125 F.3d 1144, 1152 n.9 (8th

20 Cir.1997), *cert. denied,* 523 U.S. 1010 (1998) (conclusory allegations of actual innocence

21 insufficient to excuse procedural default); *Herrera–Villate v. Knipp*, 2012 WL 3631536, at *1

22 (C.D.Cal. Aug. 22, 2012) (conclusory allegations of actual innocence insufficient to excuse

23 untimeliness of petition); *Baran v. Hill,* 2010 WL 466153, at *7 (D.Or.Feb.9, 2010) (finding that

petitioner's self-serving and unsupported statements were not "new and reliable" evidence sufficient to prove actual innocence).

The "actual innocence" exception to the statute of limitations does not apply and the petition is untimely. Because Mr. Pascuzzi's petition is time-barred, his petition should be denied without reaching the merits of his claims.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474; *see also, Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474.

The lack of timeliness of Mr. Pascuzzi's claims, and the lack of a valid reason that would overcome the timeliness problem can be determined from the existing record. No evidentiary hearing should be ordered.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with dismissing as time-barred a habeas petition that was filed beyond the one-year statute of limitations and the record establishes that equitable tolling is not warranted and that the actual innocence exception does not apply. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court deny petitioner's request for an evidentiary hearing and dismiss the petition for writ of *habeas corpus* with prejudice. The Court further recommends that a certificate of appealability be denied.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 11, 2019**, as noted in the caption.

Dated this 20th day of December, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge