UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY J. PASCUZZI,<br><br>                    Petitioner,<br><br>          v.<br><br>JEFFREY A. UTTECHT,<br><br>                    Respondent. | CASE NO. 18-cv-5299 RJB TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 16. The Court has reviewed the Report and Recommendation, objections, and is fully advised.

Petitioner files this petition, challenging his 2011 first degree child molestation convictions and sentence. Dkt. 1. The Report and Recommendation recommends that the petition be dismissed as untimely. Dkt. 16. It also recommends denial of a certificate of appealability. *Id.*

The facts are in the Report and Recommendation (Dkt. 16, at 1-6), and are adopted here. Petitioner filed objections to the Report and Recommendation. Dkt. 17.

## DISCUSSION

**A. STATUTE OF LIMITATIONS AND STATUTORY TOLLING**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners have one year to file a writ of habeas corpus. 28 U.S.C. § 2244(d). It provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1)-(2).

As stated in the Report and Recommendation, Petitioner's habeas corpus petition was filed well over one year after his judgment was final for purposes on § 2241 (d)(1)(A). Petitioner asserts in his objections that his petition should not be rejected on procedural grounds because he is actually innocent and he does not possess much legal knowledge. Dkt. 17. He asserts that his

1 "was simply bathing two young ladies that petitioner's intent was not to have sexually-gratifying

2 sexual contact or to have intimate touching," and so the state had insufficient evidence of his

3 intent. *Id*. His objections are a repetition of his prior assertions and are addressed in the Report

4 and Recommendation. The Report and Recommendation should be adopted. His objections

5 make no showing that he is entitled to statutory tolling under § 2244(d)(1).

## B. EQUITABLE TOLLING AND CLAIM OF ACTUAL INNOCENCE

The Report and Recommendation recommends finding that Petitioner is not entitled to equitable tolling and that he has made an insufficient showing of actual innocence. Dkt. 16, at 9-14. These recommendations should also be adopted. Petitioner does not show that he is entitled to equitable tolling or point to sufficient evidence of his actual innocence.

## C. CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas* petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, as it did here, a petitioner must show that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling" and that jurists of reason "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, at 484.

| 1 | Petitioner's objections do not provide a basis to reject the Report and Recommendation's recommendation that a Certificate of Appealability be denied. Petitioner has not shown that "jurists of reason would find it debatable whether [this Court] was correct in its procedural ruling." *Slack,* at 484. He has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Moreover, he failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(3). Jurists of reason could not agree that the issues presented were adequate to deserve encouragement to proceed further. *Slack,* at 483-485. The Report and Recommendation should be adopted, and a Certificate of Appealability should be denied.

## **ORDER**

It is **ORDERED** that:

- The Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke (Dkt. 16) **IS ADOPTED**;

- The Petition **IS DISMISSED**; and

- The Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Theresa L. Fricke, all counsel of record, and to any party appearing pro se at said party's last known address.

Dated this 28th day of January, 2019.

ROBERT J. BRYAN
United States District Judge